## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JULIE MITCHELL and        *
TIMOTHY MITCHELL,        *
                       *
      Plaintiffs,         *
                       *
v.                            *       Civil Action No. 19-cv-2289-JAR
                       *
DEPUY SYNTHES SALES, INC.,       *
et. al.,                      *
                       *
      Defendants.       *

## AGREED STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

The Parties to this Proceeding recognize that due to the claims and defenses, they will be required to produce or Disclose certain confidential or private Information and Documents and that Disclosure of such Information and Documents without reasonable restriction on its use may cause harm, damage, loss or disadvantage to the Parties or nonparties.

Specifically, the Parties assert that protection of the identified categories of Confidential Material is necessary because this product-liability action involves alleged injuries suffered by the Plaintiffs due to Plaintiff Julie Mitchell being implanted with Defendants' Attune total knee replacement system ("the Attune Knee"). Prosecution and defense of this Action may therefore implicate and require the production and use of the Plaintiffs' personal and private medical and financial records and Information as well as trade secret or proprietary Information and Documents regarding Defendants' design, engineering, testing, specification and manufacture of the Attune Knee and other medical devices and products. Plaintiffs and Defendants hereby stipulate and agree as follows:

1.     **Definitions.**

      a.       "Action" or "Proceeding" means the above-captioned proceeding.

b.    "Competitor" means any entity involved in the manufacture or sale of medical devices and any person who, upon reasonable and good faith inquiry, could be determined to be employed by such an entity.

c.    "Competitor-Consultant" means a "Consultant" (as defined herein) who is not a Competitor but who currently is, or during the time (s)he is retained as a Consultant is or expects to be, retained directly or indirectly by a Competitor to conduct research or provide consulting services with respect to the design or function of a Competitor's medical devices.

d.    "Confidential Material" means any Document, Testimony, or Information that a Designating Party reasonably believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G) or other applicable laws or regulations and that the Party designates as such under this Order.

    i.    For purposes of this Order, Confidential Material includes, but is not limited to, the following categories of Information or Documents:

        (1)    Plaintiff's or a third-party patient's personal identifying Information, financial Information, or medical/insurance Information;

        (2)    A trade secret (as defined in the Uniform Trade Secrets Act) and other confidential and/or proprietary research, development, or Information such as business planning Information, technical data, manufacturing processes, product specifications, engineering and testing Information, distribution processes, or other business Information of commercial value or competitive sensitivity;

(3)     All material, data, Copies, and Information obtained, derived, or generated from Confidential Material;

(4)     Income tax returns (including attached schedules and forms, W-2 forms and 1099 forms); and/or

(5)     Personnel or employment records of a person who is not a party to a case.

ii.     Confidential Material does not include (this is not an exhaustive list):

(1)     Documents, Testimony, or Information designated at any time as "not confidential" by order of any court; and/or

(2)     Documents, Testimony, or Information obtained at any time by any person or entity through a Freedom of Information Act or other public records request.

e.     "Consultant" means a general or case-specific expert, litigation expert, consultant, or medical professional whom counsel has retained, or is considering for retention, to assist in preparing for the trial of the Action, whether or not designated as a testifying expert, and any person hired by any such Consultant to aid with litigation-related work.

f.     "Copy" or "Copies" includes electronic images, duplicates, extracts, summaries, compilations, or descriptions, including copies on any litigation-support application.

g.     "Court" means the Honorable Judge currently assigned to this Proceeding or any other judge to which any aspect of this Proceeding may be assigned. "Court" includes Court staff.

h.  "Designating Party" means the Party or non-party that designates Documents, Testimony, or Information as Confidential Material.

i.  "Disclose," "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Information, Documents or Testimony, or any portion of Documents or Testimony.

j.  "Document" or "Documents" has the meaning set out in Federal Rule of Civil Procedure 34(a) and includes electronically stored Information.

k.  "Information" includes the content of Documents or Testimony, as well as any matter derived therefrom or based thereon.

l.  "Party" or "Parties" means the parties to this Action and, as applicable, the Parties' respective corporate parents, subsidiaries, affiliates, successors, attorneys, principals, experts, Consultants, representatives, directors, officers, and employees.

m.  "Producing Party" means any Party or non-party that Discloses Documents, Testimony, or Information in this Proceeding.

n.  "Qualified Person" means any person or entity authorized to receive or see Confidential Material under the terms of this Order.

o.  "Receiving Party" means any Party to whom Documents, Testimony, or Information is Disclosed in this Proceeding.

p.  "Testimony" means all depositions, declarations, or other pre-trial statements, whether or not given under oath, produced and/or used in this Proceeding.

2.  **Scope**

a.  This Order governs all hardcopy and electronic materials, the Information contained therein, all other Information, and all Copies Disclosed in this

Proceeding that are identified by the Designating Party as Confidential Material under this Order.

b.      This Order is binding upon all Parties (as defined above), their counsel, and all signatories to the Non-Disclosure Agreement attached hereto as Exhibit A, the terms of which are deemed to be included as part of this Order. This Order is subject to the Local Rules of the U.S. District Court for the District of Kansas and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

   i.      To enable the Court to exercise its jurisdiction, Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client(s) have provided any Confidential Material, which list shall be available for inspection by the Court. Notwithstanding the foregoing, nothing in this subparagraph shall be construed to require any Party to Disclose the identity of any expert or Consultant not required to be Disclosed under the Federal Rules of Civil Procedure, or to require Disclosure prior to the time that such expert and/or Consultant is required to be Disclosed under the Federal Rules of Civil Procedure or applicable case management orders.

c.      Nonparties that so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Designating Party for purposes of this Order.

d.      The entry of this Order does not preclude any Party from seeking further order of this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

e.    Nothing herein shall be construed as an admission or concession by a Designating Party that any designated Confidential Material constitutes material, relevant, or admissible evidence in this Action.

f.    Nothing herein shall be construed as an admission or agreement by the Receiving Party that anything designated as Confidential by the Designating Party is properly designated.

g.    Nothing in this Order is intended to prevent the use of, or reference to, in other jurisdictions the Documents produced in this Action that have not been designated as Confidential Material. Nothing in this Order is intended to prevent the use of, or reference to, in other jurisdictions the Confidential Material produced in this Action to the extent the Party using or referring to such Confidential Material has complied with Section 4.f, below.

3.    **Designation of Confidential Material.**

a.    Documents.

i.    Documents Produced in Image, PDF, or Hardcopy Form.

(1)    The Designating Party shall place a stamp or marking on each image that states in substance the following: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER".

(2)    Such stamps or markings shall not obscure, alter, or interfere with the legibility of the original Document.

(3)    All Copies (as defined above) shall contain the same confidential stamp or marking as contained on the original.

(4)     The ESI protocol entered by the Court in this Action (the "ESI Protocol") must be complied with to the extent it addresses this issue.

ii.     <u>Documents Produced in Native Format ("native files")</u>. A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: CONFIDENTIAL. The ESI protocol must be complied with to the extent it addresses this issue.

(1)     A Receiving Party may make a native Copy of a native file solely (a) for use in a litigation-related application and (b) otherwise in a manner consistent with procedures specified in, and for purposes set out in, ¶ B.5 in the Stipulation and Order for the Production of Hardcopy Documents and Electronically Stored Information entered in this Action.

(2)     Any Copy of a native file in the form of an image, PDF, or hardcopy shall be handled as described in subparagraph (i) above.

b.     <u>Deposition Testimony and Exhibits</u>.

i.     For 30 days after counsel in this Proceeding have received from the court reporter a copy of a deposition transcript, the entire Testimony, the entire transcript, and all exhibits shall be treated as Confidential Material under this Order. Thereafter, specific Testimony or exhibits identified by a Designating Party as Confidential Material shall remain subject to this Order.

ii.    A Party may designate as Confidential Material deposition Testimony or an exhibit, as follows:

    (1)    The Party may designate the Testimony or exhibit on the record at the deposition, or

    (2)    The Party may make the designation, identified on the deposition transcript by page number and line, no later than 30 days after receiving from the court reporter a copy of the deposition transcript, by informing all counsel that Testimony or exhibits constitute Confidential Material.

    (3)    Challenge to the designation of deposition Testimony or exhibits as Confidential Material may be made as set forth in Section 8, below.

iii.    Confidential Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below, and persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Confidential Material is Disclosed.

iv.    When deposition Testimony or exhibits are designated for protection, and there has not been an order determining that the material is not confidential, the transcript or exhibit pages containing Confidential Material shall be labeled with words that state in substance "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER".

c.    <u>Pleadings, Written Discovery Materials, and Motion Papers</u>.

i.      A Party may designate as Confidential Material portions of pleadings, motion papers (written motions, affidavits, and briefs), and written discovery papers (requests and responses) as long as they are considered Confidential Material as defined under Section 1(b).

ii.      A Party preparing such written papers should designate portions as Confidential Material when the papers are served or filed. Papers containing Confidential Material shall be filed under seal as described in Section 9, below.

iii.      A Party receiving written papers that contain Confidential Material but are not so designated shall make designations within 30 days after service or filing of the papers.

d.      <u>Other Confidential Material</u>.

i.      With respect to Confidential Material produced in a form not addressed above (*e.g.*, DVDs, portable hard drives, or other tangible items), the Designating Party shall affix in a prominent place on the exterior of the items a legend that states in substance: "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER".

e.      <u>Confidential Material Disclosed by a Non-Party</u>.

i.      For 30 days after a non-party Discloses Documents, Testimony, or Information in this Proceeding, the entire Disclosure shall be treated as Confidential Material under this Order.

ii.      Either the non-party or a Party may notify all other Parties within 30 days of the non-party Disclosure that all or specific portions of the Disclosure constitutes Confidential Material. Thereafter, the designated portions

shall remain subject to this Order as long as no challenge is made to the

designation as discussed Section 8, below. If a challenge is made, the

provisions of Section 8 shall apply.

4.    **<u>Required Handling of Confidential Material</u>**.

a.    Access to and Disclosure of Confidential Material shall be strictly limited to those

persons designated as Qualified Persons, below.

b.    Unless specifically provided otherwise in this Order, each Qualified Person

identified in Section 5 who has possession or control of Confidential Material

(including any person or entity acting on behalf of, or for the benefit of, such

Qualified Person as authorized in this Order): (i) shall not permit or enable

unauthorized dissemination of Confidential Material to anyone; (ii) shall take all

necessary and prudent measures to preserve the security of Confidential Material,

including measures to minimize risks of unauthorized hacking of systems on

which Confidential Material is stored or through which it is transmitted; and (iii)

shall physically store, maintain, and transmit Confidential Material solely within

the United States.

c.    Confidential Material shall not be Disclosed in any way to anyone for any

purpose other than as required for the preparation of trial in this Action or any

appeals in connection with the disposition of this Action. Nothing in this Order

shall preclude a Party from introducing into evidence at trial or evidentiary

hearing any Confidential Material that is admissible under applicable law.

Confidential Material used in any court proceeding in connection with this

Action shall not lose its confidential status through such use. At trial or

evidentiary hearings, the Court may take such other measures, or enter separate

orders, as the Court deems appropriate or upon request by any Party, to protect the claimed Confidential Material sought to be introduced or admitted.

d.     Confidential Material shall not be used for any business, competitive or other non-litigation purpose without the express written consent of counsel for the Designating Party or by order of the Court.

    i.     Nothing in this Protective Order shall limit any Designating Party's use of its own Documents or shall prevent any Designating Party from Disclosing its own Confidential Material to any person for any purpose.

    ii.     Nothing herein shall prevent Plaintiff from viewing or receiving and retaining Copies of her own medical records and from Disclosing such medical records to, and sharing them with, her physicians.

    iii.     Nothing herein shall prevent Defendants from Disclosing Plaintiff's medical records to other Qualified Persons, regardless of whether the Documents have been designated as Confidential Material.

    iv.     Disclosures described in the above subparagraphs shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the Disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the designated Information, Testimony, and/or Document.

e.     If, notwithstanding the requirements of this Protective Order, Confidential Material received by a Party is Disclosed to any person other than in the manner authorized by this Order, or if a Party or any Qualified Person affiliated with a Party becomes aware of an unauthorized attempt to hack any system containing Confidential Material and has a reasonable belief that Confidential

Material was accessed, that Party shall immediately inform the Designating Party of all pertinent facts relating to the Disclosure or attempted hack and shall also make prompt reasonable efforts to prevent further Disclosure of, or to protect against additional attempts to hack any system containing, Confidential Material.

f.     A Producing Party's Confidential Material, or the contents thereof, may be used by a Party, or a Party's attorney, expert witness, Consultant, or other person to whom Disclosure is permitted, only for the purpose of this Action unless: (a) the Party's attorney in this litigation seeking to use or Disclose such Documents is also subject to a protective order in another action that is the same or substantially similar to this Protective Order, and the Producing Party is also a defendant in that other action; (b) the Party's attorney in this litigation receives written permission from the Producing Party; or (c) the Party's attorney in this litigation obtains an order from the Court secured after appropriate notice to all interested persons.

5.    **<u>Qualified Persons With Respect to Confidential Material</u>**.

Confidential Material may be Disclosed only to the following Qualified Persons solely for litigation-related purposes and solely to assist counsel in preparing for trial in this Action, subject to the terms of Section 4.f, above:

a.    <u>All Parties</u> as defined above;

b.    <u>The Parties' counsel</u>, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in this Action;

c.       <u>Consultants</u>, as defined above, except that no Disclosure of Confidential Material shall be made to a Consultant if:

     i.       The Consultant has not first signed a copy of Exhibit A; and

     ii.       Counsel for the Party retaining the Consultant has, or reasonably should be expected to have through duly diligent inquiry of the Consultant, knowledge that the Consultant has been found to have violated the terms of a protective order in any litigation or legal proceeding;

d.       <u>A witness</u> at a deposition or pre-trial hearing. Effort should be made to have the witness sign a copy of Exhibit A or consent under oath on the record to abide by the requirements in Exhibit A. To the extent the witness does not agree to sign Exhibit A or consent under oath on the record to abide by the requirements of Exhibit A, the matter shall be raised with the Court.

     i.       This provision does not preclude the Designating Party from objecting to or moving to preclude Disclosure to any deponent or witness if it believes it has a good-faith basis for such objection or motion;

e.       A person identified in the Confidential Material as an author, source, addressee, or recipient of the communication, or who already has a Copy of the Confidential Material;

f.       Any other person mutually agreed upon among the Parties, provided that such person has been informed of this Protective Order and has signed a copy of Exhibit A;

g.  Any mediators or arbitrators selected to assist in resolution of this Action, and their personnel who are actively engaged in assisting them, if they have signed a copy of Exhibit A; and

h.  This Court or, any other Court in an action in which Confidential Materials may be used pursuant to the provisions of Section 4.f, above, or any Court personnel, including any court reporters.

6. **No Disclosure of Confidential Material or Documents to Competitors**.

Notwithstanding any other provision of this Order, intentional Disclosure of Confidential Material or Documents to Competitors is prohibited unless the Competitor or employee of a Competitor participated in the research and/or design of the Attune Knee device and the Confidential Material or Documents were created by or sent to the individual during the time in which such individual participated in the research and/or design.

7. **Special Requirements for Disclosure of Confidential Material or Documents to Competitor-Consultants**.

a.  To the extent that Plaintiff or any other disclosing Party ("Disclosing Party") seeks to Disclose Confidential Material or Documents to a Competitor-Consultant, the following procedures shall apply prior to any Disclosure:

   i.  At least 30 days prior to Disclosure, the Disclosing Party must provide written notice to the Designating Party of its intent to Disclose Confidential Material or Documents to a Competitor-Consultant.

   ii.  The Disclosing Party shall make reasonable efforts to narrow the Disclosure of Confidential Material or Documents to such Information or Documents that the Disclosing Party reasonably

14

believes are necessary for the Competitor-Consultant to assist in the preparation of the case.

    iii.    Prior to Disclosure, counsel for the Disclosing Party and counsel for the Designating Party shall meet and confer in good faith to attempt to resolve any disputes among them regarding the Disclosure of the materials designated as Confidential Material.

    iv.    If counsel are unable to resolve any dispute regarding such Disclosure, within 15 days, the Designating Party shall file a motion objecting to the proposed Disclosure. The Designating Party shall bear the burden of demonstrating good cause to prevent the Disclosure.

    v.    If the Court permits Disclosure of the Document or Information designated as Confidential Material at issue, the Document or Information remains so designated and the individual(s) receiving such Document or Information shall be bound by the requirements of this Order.

b.    Nothing in this provision shall be construed as requiring the Disclosing Party to identify the intended recipient of such materials.

c.    The Parties agree to meet and confer to discuss reasonable modifications to the procedures set forth in Section 7 if compliance with the procedures becomes burdensome. Any dispute over modifications to Section 7 shall be raised with the Court.

8.    **<u>Challenges to Designations</u>**.

a.  The Designating Party bears the burden of establishing confidentiality.

b.  Nothing in this Order shall constitute a waiver of any Party's right to challenge the designation of Documents, Testimony, or Information as Confidential Material.

c.  If a Party contends that any Confidential Material has been improperly designated or improperly redacted, the challenged material shall continue to be treated as confidential under this Order until the Parties reach a written agreement or this Court issues an order determining that the material is not confidential and shall not be given confidential treatment.

d.  To challenge designations of Confidential Material, counsel for the challenging Party shall advise counsel for the Designating Party, in writing, of the specific Confidential Material (identified by Bates number, if possible) to which each challenge pertains (the "Designation Challenges").

e.  Counsel for the Designating Party shall have 30 days from receipt of the Designation Challenges to state in writing whether the designations will be maintained or withdrawn.

f.  If the Designating Party maintains designations for any Confidential Material, the Parties shall have 10 days to meet and confer in good faith to attempt to resolve their disputes. The 10-day period may be extended by agreement of the Parties.

g.  If the Parties cannot resolve all disputes at the end of the period described in Section 8.f, the Designating Party shall file a motion seeking an order that some or all of the designated material is confidential (the "Designation Motion"), within 15 days, unless the Parties agree to extend the time for filing the Designation Motion.

9. **Filing Under Seal**

If a Party seeks to file any Document containing Confidential Material subject to protection under this Order, that Party must take appropriate action to ensure that the Document receives proper protection from public Disclosure, such as: (a) filing a redacted Document with the consent of the Party that designated the Document as confidential; or (b) seeking permission to file the Document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6. Nothing in this Order will be construed as a prior directive to allow any Document to be filed under seal. The mere designation of Information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The Parties understand that the requested Documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting Party permitted to file the requested Documents under seal, only counsel of record and unrepresented parties will have access to the sealed Documents. Pro hac vice attorneys must obtain sealed Documents from local counsel.

10. **Redactions.**

a. The Producing Party may redact from produced materials the following items:

i. The names, street addresses, Social Security numbers, tax identification numbers, and other personal identifying Information of patients, health care providers, and individuals identified in clinical study documentation or adverse event reports. General identifying Information, such as patient or health provider numbers, shall not be redacted unless required by state or federal law.

        ii.    The Social Security numbers, tax identification numbers, and other

               personal identifying Information of employees in any records.

        iii.   Other item(s) protected from Disclosure by statute or decisional authority,

               ordered by this Court, or agreed upon by the Parties.

b.      Defendants may redact proprietary or financial material and Information about

products unrelated to this litigation.

c.      Defendants may redact Information regarding the identification of persons who

are subjects of adverse event reports and related Information pursuant to 21

C.F.R. §§ 314.430(e) & (f) and 20.63(f). All Parties shall retain the right to

challenge redactions. Section 8 of this Order shall govern such challenges.

11.    **Orders by Other Courts or Subpoenas by Agencies**.

a.      If another court or an administrative agency requests, subpoenas, or orders the

Disclosure of Confidential Material received by a Party under this Order, that Party, if not

prohibited under applicable law, shall notify counsel of record for the Designating Party

by email, express mail, or overnight delivery not later than 24 hours after receipt of such

request, subpoena or order, and

        i.     shall simultaneously furnish such counsel with a copy of the requests,

               subpoena, or order, and

        ii.    shall not Disclose any Confidential Material pursuant to the requests,

               subpoena, or order prior to the date specified for production.

b.      The Designating Party may, in its sole discretion and at its own cost, oppose or

seek to limit the request, subpoena, or order in any legal manner. The Party that received

the request, subpoena, or order shall not oppose or otherwise interfere with the

Designating Party's actions.

12. **Disposition of Confidential Material**.

    a.    Upon the request of any Designating Party after any appeals or after the time for filing any appeals has passed, each Party so requested shall return all Confidential Material to the Designating Party, shall destroy it, or otherwise shall comply with an applicable order of the Court. This section does not apply to Counsel for the Plaintiffs to the extent that they are permitted to use Confidential Material in connection with other actions pursuant to the provisions of Section 4.f, above.

    b.    Each Party shall certify, within 60 days of receipt of a written request for certification, that all Confidential Material required to be returned or destroyed has been so returned or destroyed.

    c.    The terms and provisions of this Order shall continue to apply to any such materials retained by counsel.

13. **Privileged Information**.

    a.    The Parties do not intend to Disclose Privileged Information. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), any Disclosure of Privileged Information shall not constitute in this Action or any other action a waiver or forfeiture of any privilege otherwise attaching to the Privileged Information and its subject matter.

    b.    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or Disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

    c.    Any Party receiving materials that reasonably appear to be covered by a privilege shall not copy, distribute, or otherwise use such materials in any manner and shall

provide prompt notice to the Producing Party to afford an opportunity to request return of the materials.

d.    If a Disclosing Party notifies the Receiving Party that Privileged Information has been Disclosed ("Disclosed Privileged Information"),

    i.    the Receiving Party shall not, from that point onward, copy, distribute, or otherwise use in any manner the Disclosed Privileged Information, unless the Parties agree, or the Court orders, otherwise;

    ii.    the Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such Information is subject to this Order and may not be copied, distributed, or otherwise used; and

    iii.    the Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) Court days,

    (1)  return, destroy, or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the Disclosed Privileged Information, and

    (2)  provide a certification of counsel that all Disclosed Privileged Information has been returned, destroyed, or deleted.

    (3)  For purposes of this Order, Disclosed Privileged Information that is not reasonably accessible under Federal Rules of Civil Procedure 26(b)(2)(B) because stored by the Receiving Party on backup storage media is deemed to be sequestered. Should such data be

retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

e.     To contest a claim of attorney-client privilege or work product protection, the Receiving Party may—within ten (10) business days of receipt of the notice of Disclosure—move the Court for an Order compelling production of the contested material ("Disclosure Motion").

f.     The Disclosing Party shall retain the burden of establishing its privilege or work product claims.

g.     Pending resolution of the Disclosure Motion, the Receiving Party must not use the contested Information in any way or Disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. Inadvertent Disclosure or production of any Information or Document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, Information or Documents that may be considered Confidential Material under the Protective Order, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that Party or the privilege holder from designating the Information or Document as attorney-client privileged or subject to the work-product doctrine at a later date.

14.  **<u>Disclosure of Confidential Material.</u>**

a.     Unintentional Disclosure to a Party in this Action, without the required confidentiality designation, of any Confidential Material shall not be deemed a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific Confidential Material Disclosed or as to the same or related subject matter.

b.      Following any such unintentional production to a Party in this Action, the Disclosing Party may give written notice to each Receiving Party, as soon as feasible after the discovery of the Disclosure, that the specific material identified in the notice is Confidential Material under this Order.

c.      Upon receipt of the notice, each Receiving Party shall treat the identified material as Confidential Material until (i) the Parties agree to its non-confidential treatment or (ii) the Court, on motion, determines its appropriate treatment.

d.      Within ten (10) days of receiving the notice, and assuming no motion is filed as provided for in Section 8, the Receiving Party shall return or destroy all Copies of the identified material and shall notify every person or entity to whom the Party distributed the identified material that the material constitutes Confidential Material under this Order. If a motion is filed pursuant to Section 8, and the Court ultimately deems the identified material to be Confidential, then the Receiving Party shall have (10) days after entry of an order to take the actions identified in this subsection.

e.      As soon as feasible, the Disclosing Party shall re-produce the identified material with the required confidentiality legend.

15.    **Order Survives Termination of Action**.

After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction, as necessary to enforce this Order, over any person or entity authorized to receive Confidential Material. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys.

16.    **Order Subject to Modification**.

This Order shall be subject to modification by the Court on its own initiative or on motion

of a Party.

Dated October 23, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JULIE MITCHELL and | * | |
| TIMOTHY MITCHELL, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 19-cv-2289-JAR |
| | * | |
| DEPUY SYNTHES SALES, INC., | * | |
| et. al., | * | |
| | * | |
| Defendants. | * | |

## EXHIBIT A

I hereby attest that I understand that information or documents designated as Confidential Material are provided to me subject to the Order dated _____, 2019 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read and understand the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Material pursuant to the Order.

I certify that I am not a Competitor, as defined in the Order.

I further agree that I shall not use Confidential Material for any purpose other than as authorized in the Order and that, except as authorized in the Order, I shall not disclose Confidential Material, in any form whatsoever, to others.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be

subject to the jurisdiction of the above-identified Court for the purposes of any proceedings

relating to enforcement of the Order.

Date: _____

Signed name: _____

Printed name: _____